IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

STANLEY N. TRAMMELL,            )
                                )
                     Petitioner,)
                                )
vs.                             )   Case No. CIV-10-267-JHP-KEW
                                )
HECTOR RIOS, Warden,            )
                                )
                     Respondent.)

**OPINION AND ORDER**

Petitioner, Stanley N. Trammell, was convicted following a jury trial, in the District Court of Bryan County, Case No. CF-2003-245, of manslaughter in the first degree[1] and shooting with intent to kill. Petitioner was sentenced to life on each of the two counts. The trial court ordered that the sentences be served consecutively. These sentences were formally imposed on March 16, 2007. On direct appeal, the Oklahoma Court of Criminal Appeals affirmed his conviction and sentences. *Trammel v. State*, No. F-2007-251, slip op. (Okla. Crim. App. Mar. 3, 2009).[2] The petitioner did not file an Application for Post-Conviction Relief. Petitioner now seeks relief from his state court convictions, pursuant to 28 U.S.C. § 2254.

As a preliminary matter the Court notes that Hector Rios is currently the Warden at the Lawton Correctional Facility. The Court finds, pursuant to Rule 25(d) of the Federal

---

[1] Petitioner was originally charged with First Degree Murder; but was convicted of the lesser included offense of manslaughter.

[2] *See*, Respondent's Exhibit No. 3, Dkt. # 10-3.

Rules of Civil Procedure, Hector Rios is the proper substituted Respondent and the Court Clerk shall be directed to note such substitution on the record.

## I. RECORDS REVIEWED

This court has reviewed (1) the Petition for Writ of Habeas Corpus; (2) the Response to the Petition filed by the State of Oklahoma and attachments thereto; (3) Volumes I through X of the transcript of the Jury Trial held on January 29, 30, 31, 2007 and February 1, 2, 5, 6, 2007; and the transcript of the Sentencing Hearing held on March 16, 2007. After a thorough review of the state court records transmitted to this court, the pleadings filed herein, and the law applicable to the facts of this case, the Court finds, for the reasons set out herein, Petitioner is not entitled to the relief requested.

## II. STATEMENT OF THE FACTS

On May 4, 2003, John Duncan and his fiancé, Rebeka Breger went to "Hambones," a bar located in Bryan County, Cartwright, Oklahoma around 8:00 p.m. Charles "Hoot" Percell noticed Duncan's car as he was driving by and decided to stop for a drink at Hambones. After Percell arrived at Hambones, the defendant, Stanley Trammell, came into the bar and bought a round of drinks for everyone. After buying drinks, the defendant walked over to the pool table in an attempt to find someone with whom he could play a game of pool. According to Breger the defendant wanted to bet $1,000 on a pool game, but Duncan would only bet $20. Breger testified she went to the bar to cash a check and while she was at the bar, she saw Trammell strike Duncan over the left side of his face with a pool stick. The pool cue splintered into pieces. Following this "scuffle," Linda Gardner, the

2

bartender, asked Trammell to leave the bar and Percell told Trammell it was time to go and pointed to the door. Percell testified he went back to the bar and a few seconds later Gardner asked him to go outside and make sure that Trammell had left the area.

Percell testified he walked out of the bar and he saw Trammell coming from the same area where he had seen him leave before with his hands down at his sides. As they got within 10-15 feet of each other, Percell testified that the defendant raised his right hand and pointed a revolver at him. Percell further testified that he raised his hands in the air and tried to tell the defendant that it was all over, but the defendant kept coming closer. When the defendant was within a few feet of Percell, Percell brought his hands down and knocked the weapon out of his face and the defendant shot him in the scrotum with the bullet exiting out his thigh.

Upon hearing the gunshot, several witnesses indicated John Duncan rushed out of the bar to assist. Thereafter, he was shot in the abdomen by the defendant as he exited the bar. Following the shooting, Trammell left the area.

According to the defendant, however, a scuffle inside the bar led to him being accosted by several patrons of the bar and he ran to his open-topped jeep and retrieved a handgun as several people chased him in the parking lot. Defendant claimed he only wanted to fire a warning shot into the ground, but he was struck as he fired and the shot hit Percell. Trammell claimed he was knocked to the ground and that Duncan got on top of him. As a result, Trammell fired a shot in Duncan's side in self-defense, then Duncan got off of him. He went back to his Jeep and left the area.

### III.  PETITIONER'S CLAIMS FOR RELIEF

The petition filed herein on July 20, 2010, raises two grounds for relief (Dkt. # 2).  On September 14, 2010, the respondent, by and through the Attorney General of the State of Oklahoma, filed a response (Dkt. # 10) to the petition.  Specifically, the petitioner alleges the following errors entitle him to habeas relief: (1) the petitioner was prohibited from presenting a defense to the charge against him in violation of *Davis v. Alaska*, 415 U.S. 308, 320, 94 S.Ct. 1105, 1112, 39 L.Ed.2d 347 (1974), and *Chambers v. Mississippi*, 410 U.S. 284, 299, 93 S.Ct. 1038, 1047, 35 L.Ed.2d 297 (1973); and (2) ineffective assistance of counsel.

### IV.  STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act, this Court is precluded from granting habeas relief on any claim adjudicated on the merits by a state court

> unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> As to the "unreasonable application" standard, . . . only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254. . . . [A] decision is "objectively unreasonable" when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law.  It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. . . . [T]he state court decision must be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable.

4

*Sandoval v. Ulibarri*, 548 F.3d 902, 908 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006)), *cert. denied*, 549 U.S. 1285 (2007).  Finally, the Supreme Court has made it clear that a state court is not required to cite Supreme Court case law, or even be aware of it, "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]."  *Early*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (citing *Williams,* 529 U.S. at 405-406).

## V.  PETITIONER'S ALLEGED ERRORS

### 1.  Petitioner prevented from presenting a defense

Petitioner's first ground for relief is that the trial court erred by refusing to allow him to introduce specific instances of both of the victims' prior crimes and bad acts as evidence to support his self-defense claim.  Thus, the petitioner is claiming he was deprived of his constitutional right to present a complete defense in violation of *Crane v. Kentucky*, 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986).[3]  This issue was raised by the petitioner on direct appeal and addressed on the merits in a summary fashion.  Respondent urges this court to find that this claim is not cognizable in federal habeas.

At trial, to support his claim of self-defense, the petitioner wanted to introduce specific instances of prior violence by the victims to establish that the victims acted in conformity therewith even though the petitioner was not aware of those specific acts at the

---

[3]In *Crane*, the Supreme Court reversed a state court conviction because the trial court had excluded testimony at trial regarding the circumstances of the defendant's confession.  The Court held that evidence of the manner in which the defendant's confession was obtained was relevant to its reliability and credibility, especially where the entire defense was that the there was no physical evidence to link the defendant to the crime and that, for a variety of reasons, his earlier admission of guilt was not to be believed.

5

time of his altercation with the victims. Petitioner's entire argument is premised upon Oklahoma law regarding the admission of specific instances of bad conduct on the part of a victim, including prior crimes of the victim. Petitioner claims that Oklahoma law regarding this issue contravenes his constitutional right to a "meaningful opportunity to present a complete defense." Dkt. # 2 at p. 15. In considering this argument, the Oklahoma Court of Criminal Appeals held:

> that the trial court's ruling prohibiting the defense from introducing evidence of specific instances of prior bad conduct of the victims was not an abuse of discretion and did not deprive [Petitioner] of his right to present a defense. *Williams v. State*, 2001 OK CR 9, ¶ 94, 22 P.3d 702, 724. *See* 12 O.S. 2001, §2404(A)(2); 12 O.S. 2001, §2405.

*Trammel v. State*, No. F-2007-251, slip op., at p. 2 (Okla. Crim. App. Mar. 3, 2009).

While the claims raised by petitioner are nothing more than claims of error under state law and, therefore, are not generally cognizable in a federal habeas corpus action,[4] Petitioner alleges the state law prevented him from presenting a "complete defense." Petitioner argues that state laws governing the admissibility of evidence become secondary to due process when they interfere with a defendant's ability to present a complete defense. In support of his argument, he cites *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) and *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

In *Chambers*, state law prohibited introduction of evidence that a defense witness had confessed to the murder which Chambers was accused of having committed because the

---

[4] Federal courts simply do not have the authority to decide questions concerning the admissibility of evidence under state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 l.Ed.2d 385 (1991).

6

defendant was not allowed to impeach his own witness. Further, efforts to introduce inculpatory statements of the defense witness through other witnesses was not allowed because those statements were considered hearsay. Thus, the defendant was unable to introduce crucial evidence which could have exculpated him. The Court in *Chambers*, however, expressly stated that their ruling did not establish any new principles of constitutional law. Additionally, the court indicated the ruling was based on the facts and circumstances of the *Chambers* case and the rule did nothing to diminish the ability of States to establish their own criminal rules and procedures. *Chambers*, 410 U.S. at 302-303, 93 S.Ct. at 1049.

In *Davis*, the defendant, who was charged with grand larceny and burglary, was prohibited from impeaching a key prosecution witness with evidence that the witness was on probation following a juvenile adjudication of delinquency for burglary at that time he was initially questioned by police. The Court held that exposure of a witness' motivation in testifying was a proper and important function of the constitutionally protected right of cross-examination to assist the jury in determining the credibility of the witness. Thus, the defendant was denied due process by application of mechanistic rules which allowed a witness to assert, under the protection of the trial court's ruling, a questionably truthful answer to cross-examination.

Unlike either of those cases where the defendant was prohibited from introducing any evidence in support of his defense, Mr. Trammell's counsel was able to introduce substantial evidence supporting his defense. While a criminal defendant clearly has a constitutional

7

right to present a defense, due process challenges to state evidentiary rulings are reviewed only for fundamental fairness. *Matthews v. Price*, 83 F.3d 328, 331 (10th Cir. 1996). *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974); *Hatch v. Oklahoma*, 58 F.3d 1447, 1468 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996) ("[I]n federal habeas proceedings, we do not question a state court's evidentiary rulings unless the petitioner can show that, as a whole, the court's rulings rendered his trial fundamentally unfair.")  "Inquiry into fundamental fairness requires examination of the entire proceedings, including the strength of the evidence against the petitioner,. . . . ." *Le v. Mullin*, 311 F.3d 1002 1013 (10th Cir. 2002).

After reviewing the trial court transcript, including the defendant's prior testimony which was introduced as Trial Court Exhibit #1, this court finds the petitioner has failed to establish that the trial court's failure to allow specific instances of prior crimes or bad acts of the victims,[5] violated a specific constitutional guarantee or rendered his trial fundamentally unfair.  Even without the evidence, the petitioner was clearly able to put evidence before the jury to support his claim of self-defense.  In particular, although the defendant was not personally aware of the victims' reputations in the community for violence prior to his dealings with them, the court allowed him to introduce evidence of their reputations for violence in the community because the trial court found such evidence was

---

[5] Defendant attempted to introduce evidence that the victim, John Duncan, had been in previous bar fights where he had assaulted people with pool cues; that the victim had been convicted of Use of a Vehicle in Discharge of a Weapon for which he received a five year suspended sentence, and the victim had pled guilty to the charge of Assault and Battery for which he received a deferred sentence.

8

relevant on the issue of who was the aggressor. In fact, witnesses testified to the number of beers that John Duncan had consumed on May 4, 2003;[6] that John Duncan was "drunk" and angry;[7] and the defendant was allowed to call a bartender who indicated that John Duncan was an extremely violent person when he was drinking and "when he drank, it always ended up in a scuffle."[8] *See also*, J.T. Vol. 8, at pp. 1281, 1284, 1290-1292, 1346-1353. Additionally, defense witnesses testified that "Hoot" Percell was a reasonably rough character and that he could be very violent when he was drinking. *Id*., at pp. 1292, 1347-1348, 1352-1353. Furthermore, the defendant put on evidence from several witnesses that the defendant was a peaceful person who never seemed to grow angry or violent, even when he was drinking. J.T. Vol. 8, at pp. 1295, 1302-1303, 1307-1308, 1311-1312, 1319. Finally, the defendant was also allowed to put on evidence from numerous witnesses to establish that he was an honest and truthful person. *Id*., at pp. 1320, 1326, and 1333.

In *Holloman v. Gonzales*, 249 Fed.Appx. 57, 2007 WL 2733720 (10th Cir. 2007), the Tenth Circuit held a state prisoner had failed to make a substantial showing that exclusion of criminal records of a murder victim and an eyewitness, in accordance with Wyoming rules of evidence, was so fundamentally unfair as to deny him due process. Similarly, this Court finds the exclusion of the challenged evidence herein, in accordance with a nearly identical Oklahoma rule of evidence, did not affect the outcome of the trial nor did it deprive the

---

[6] J.T. Vol. 7, at pp. 1131-1132.

[7] J.T. Vol. 8, at p. 1266.

[8] J.T. Vol. 8, at p. 1351.

9

petitioner of his constitutional right to present his defense. Therefore, this Courts finds Petitioner has failed to establish that the trial court's ruling violated his constitutional rights or fatally infected the trial with such unfairness that it amounted to a denial of due process. *See Donnelly*, *supra*. Accordingly, the petitioner's first ground for relief, that he was prevented from presenting a defense to the charges against him, is denied.

## 2.  Ineffective Assistance of Counsel

In ground two of his petition, the petitioner asserts he was denied effective assistance of counsel because he wanted to testify in his defense; yet, trial counsel did not call him as a witness. Petitioner raised the issue of ineffective assistance of counsel on appeal citing to counsel's failure to call him as a witness as one of several deficiencies by counsel. The OCCA denied relief on this issue citing *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed2d 674, 698 (1984). Respondent asserts that the OCCA's determination is not contrary to, nor does it involve an unreasonable application of, clearly established federal law. Further, the respondent argues the OCCA's decision was not an unreasonable determination of the facts in light of the evidence presented at trial.

To prevail on an ineffective assistance of counsel claim, the petitioner must establish that the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms and that the deficient performance prejudiced the defense. *Id.* 466 U.S. at 687, 104 S.Ct. at 2064. Failure to establish either prong of the *Strickland* standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.* 466 U.S. at 696, 104 S.Ct. at 2069-2070. While ensuring that criminal

defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in *Strickland*,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id*. 466 U.S. at 689, 104 S.Ct. at 2065. In order to establish prejudice in the guilt stage, the defendant has to show "there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* 466 U.S. at 694, 104 S.Ct. at 2068. In other words, deficient performance is prejudicial only where it is clear that "but for trial counsel's errors, there is a reasonable probability that the ultimate result would have been different", *Washington v. Johnson*, 90 F.3d 945 (5th Cir. 1996), *cert. denied,* 117 S.Ct. 1259, 137 L.Ed.2d 338 (1997); so that, the "confidence in the reliability of the verdict is undermined." *Id.*

Furthermore, the United States Supreme Court has indicated that every effort must be made by a reviewing court to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland, supra* 466 U.S. at 689, 104 S.Ct. at 1065. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonably professional assistance. *Id.*

While the petitioner clearly had the right to take the witness stand and testify in his own behalf, *Rock v. Arkansas*, 483 U.S. 44, 49, 107 S.Ct. 2704, 2708, 97 L.Ed.2d 37 (1987),

the petition contains nothing but conclusory allegations that he was prevented from testifying. Conclusory allegations that counsel was ineffective, along with bald references to *Strickland* is not sufficient to preserve this claim. *See*, *Cannon v. Gibson*, 259 F.3d 1253, 1262, n. 8 (10th Cir. 2001). In this case, the only reference to this issue is in the direct appeal brief, in which the petitioner argued "trial counsel was ineffective for *recommending* to Defendant that he not testify." *See*, Dkt. # 10-1, at p. 48. To the extent that the petitioner's testimony from a prior trial was actually introduced at trial, this Court finds the Petitioner has failed to establish prejudice. Since the petitioner had previously testified regarding the events of May 4, 2003, if any of his testimony had been different from his previous testimony, he could have been impeached in front of the jury. Thus, any advise to not testify cannot be deemed deficient. Moreover, to the extent the jury actually heard the petitioner's testimony from the original trial, this Court finds the petitioner has failed to establish prejudice. Therefore, this Court finds the petitioner has not established that the OCCA's decision, that counsel was not ineffective, was an unreasonable application of Supreme Court precedent nor that it was based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, the petitioner's second ground for relief, ineffective assistance of counsel, is denied.

## CONCLUSION

For the reasons stated herein, Petitioner's Petition for Writ of Habeas Corpus (Doc No. 2) is hereby denied. Additionally, pursuant to Rule 11 of the Rules Governing Section

2254 cases, this Court hereby denies a certificate of appealability. The Clerk is hereby directed to enter a separate judgment in this matter.

**IT IS SO ORDERED** this  8th  day of July, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma